UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv314-RJC-DSC

| | |
|---|---|
| RASHIDI NISU BEY ex rel. REGINALD ERWIN, ) ) ) Plaintiff, ) ) v. ) ) RUFUS G. PETTIS, President of WR ) ENTERPRISES, LLC, and DAVID F. ) WILLIAMS, Attorney for WR ) ENTERPRISES, LLC, ) ) Defendants. ) ) | ORDER |

**THIS MATTER** is before the Court on the plaintiff Rashidi Nisu Bey's ex parte motion for a temporary restraining order and permanent injunction (Doc. No. 3). From the incomplete record provided by the plaintiff in his notice of removal (Doc. No. 1), it appears that he is attempting to remove a state court foreclosure proceeding brought against him in Mecklenburg County Superior Court by WR Enterprises, LLC, Case No. 2009-SP-6226.[1] The plaintiff's ex parte motion seeks an order enjoining WR Enterprises from executing a writ of possession over the foreclosed property while he litigates real defenses to the foreclosure in federal court.

The Court may not consider the merits of the plaintiff's motion if it lacks subject matter jurisdiction over his case. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). At any time prior to entry of final judgment, the district court shall remand a case previously removed under

---

[1] The plaintiff's motion states that his foreclosure proceeding is Case No. 2009SP00626, but the Court has communicated with the Mecklenburg County Superior Court Clerk's Office and determined this to be an error.

§ 1441 if "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "[B]ecause the lack of subject matter jurisdiction may be noticed by the district court sua sponte or by any party, the court may enter a remand order sua sponte." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) (internal citations omitted).

"The Rooker-Feldman doctrine . . . prohibits 'lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments.'" Adkins v. Rumsfeld, 464 F.3d 456, 463 (4th Cir. 2006) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam)). In the context of a state court foreclosure proceeding, Rooker-Feldman prohibits claims brought in federal court that may "succeed only to the extent that the state court wrongly decided the foreclosure action." Postma v. First Federal Sav. & Loan of Sioux City, 74 F.3d 160, 162 (8th Cir. 1996). District courts within the Fourth Circuit have consistently reached the same conclusion. See, e.g., Turner v. E. Savings Bank, FSB, No. 09cv2637, 2010 WL 1409858, at *3 (D. Md. Apr. 2, 2010); Brumby v. Deutsche Bank Nat. Trust Co., No. 1:09cv144, 2010 WL 617368, at *3-4 (M.D.N.C. Feb. 17, 2010); Lawson v. Allegacy Fed. Credit Union, No. 1:08cv832, 2009 WL 3381532, at *2 (M.D.N.C. Oct. 16, 2009); Nott v. Bunson, No. 09cv2613, 2009 WL 3271285, at *2 (D. Md. Oct. 9, 2009).

The plaintiff's motion states, and the Court has confirmed, that the Mecklenburg County Superior Court issued an order allowing the defendants to conduct a foreclosure sale of the plaintiff's property. Under North Carolina law, an Order Permitting Foreclosure is a final "judicial act" that may be appealed to the appropriate state court within ten days of its entry. N.C. Gen. Stat. § 45-21.16(d1). It is therefore apparent that the Court is without jurisdiction to grant the relief sought by the plaintiff's motion, because doing so would effectively invalidate a final order issued in his state court foreclosure proceeding. If the plaintiff wishes to continue litigating the foreclosure proceeding brought against him in state court, he must do so in that forum.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the plaintiff's ex parte motion for a temporary restraining order and permanent injunctive relief (Doc. No. 3) is **DENIED**, and the above-captioned matter is hereby **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina.

**SO ORDERED**.

Signed: July 14, 2010

Robert J. Conrad, Jr.
Chief United States District Judge